JAMES BOWEN, RELATOR, v. MAYOR AND ALDERMEN OF JERSEY CITY AND JOHN SAUL, SUPERINTENDENT OF BUILDINGS, RESPONDENTS.

Submitted October term, 1925—Decided March 5, 1926.

**Zoning—Garages—Relator Applied for Erection of Garages Within Restricted Territory and Application was Refused— New Plans Were Made Not in Conflict With Building Code nor With Zoning Ordinance, but Application was Refused Upon Reasons Held in Brief to be Justified by a Reasonable Right of Regulation—Peremptory Writ Awarded.**

On application for *mandamus*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *John Milton*.

For the respondents, *Thomas J. Brogan*.

PER CURIAM.

James Bowen, the relator, seeks, in the rule to show cause allowed in this case, a writ of *mandamus* to compel the commissioners of Jersey City and the superintendent of buildings to grant to him a permit for the erection of two batteries of

individual automobile garages on the relator's property in that city.

Depositions have been taken under the rule to show cause, and from these it appears that the relator owns an interior lot with an outlet only through a ten-foot-wide alley leading to a public street; that because of the narrow outlet it is unavailable for residence or store purposes, but appears to be adapted to the construction of garages; that on December 19th, 1924, he filed an application for a permit based upon plans which exhibited the location of the garages within (as provided by a zoning ordinance) a forbidden proximity to an apartment-house. The application was rejected and new plans were substituted. Based on these a new application was made and was likewise refused by the commissioners without any reason being given for the refusal, but claimed in their brief to be justified by a reasonable right of regulation. The last named plans and application are in conformity with the building code and are not in conflict with any zoning ordinance.

It must be borne in mind that the power to regulate by zoning within the police power is derived by the municipalities from the legislature. There is no inherent power in a local governmental agency such as a city, borough or town, to regulate the construction or type of buildings within its boundaries. In the act of 1924, chapter 146 (at *p.* 324), the legislature has specifically conferred the power to zone, but the manner in which this power should be exercised is also defined, viz., by official action of the governing body after public hearing, of which public notice is required to be given.

It cannot be exercised at the will of the commissioners on each individual application. In the present case the city respondent has adopted an ordinance on the subject, but it has not in that ordinance prohibited the construction contemplated by the relator. The case is therefore controlled by the decisions of this court in *Reimer* v. *Dallas*, *3 N. J. Adv. R.* 1302, and *G. M. S. Holding Corp.* v. *Commissioners of Jersey City*, *2 N. J. Mis. R.* 75.

While the state of the case does not show that the application was ever made to the superintendent of buildings, no point seems to be made of this fact in the respondents' brief, but the denial of the permit is rested on the ground that the refusal was justifiable.

There being no dispute about the facts a peremptory writ will be awarded.